# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SAMUEL FREEMAN,

    Petitioner,

v.

TIMOTHY BRUNSMAN, Warden,

    Respondent.

CASE NO. 2:09-cv-920
JUDGE GRAHAM
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On October 21, 2009, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as time-barred. Petitioner states that he relied on the advice of prison inmates, who told him his petition would be timely so long as he had a pending motion in the state courts. Petitioner further indicates that he filed a motion for relief from judgment in the state trial court on May 16, 2008, and had a petition for a writ of prohibition pending in the Ohio Supreme Court from July 17, 2009, until September 30,

2009. *See Objections*. Petitioner has attached a copy of these actions to his Objections and has submitted his own affidavit in support of his objections. Petitioner did not previously indicate in his habeas corpus petition that he pursued the foregoing actions. *See Petition*.

Under 28 U.S.C. §2244(d)(2),

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

*Id*.

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000)(footnote and citations omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007), citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(untimely state post conviction petition is not properly filed so as to toll the running of the statute of limitations).

Neither petitioner's motion for relief from judgment, nor his writ of prohibition were properly filed so as to toll the running of the statute of limitations in this case, as it appears that petitioner was attempting to raise, in those proceedings, claims that would have been properly considered on direct appeal.[1]

---

[1] *See Tri Arch, Inc. v. Koback,* 2002 WL 1377843 (Ohio App. 10th Dist. June 25, 2002):

Petitioner also contends that equitable tolling of the statute of limitations is appropriate in view of his *pro se* status and because he relied on the advice of prison inmates who told him that the statute of limitations would not begin to run so long as he had a pending motion in the state courts. *Objections*, at 2. This argument likewise is not persuasive.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humhreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing

---

[A] writ of prohibition "tests and determines 'solely and only' the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 409 * * *; State ex rel. Staton v. Franklin Cty. Common Pleas Court (1965), 5 Ohio St.2d 17, 21 * * *.

Prohibition is not available to prevent an anticipated erroneous judgment. *Id.* at 74, 701 N.E.2d 1002.

In order for a writ of prohibition to issue, relator must prove that (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator possesses no other adequate remedy in the ordinary course of law if the writ of prohibition is denied. *Id.*

requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir. 2003), citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988).

There is no reason to conclude that petitioner lacked notice or constructive knowledge of the one-year filing requirement in habeas corpus cases, nor would he have been reasonable in remaining ignorant of the statute of limitations in habeas corpus cases, which has been in effect since 1996. Further, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra*, 197 F.3d at 218.

> [Y]outh, relative lack of education, and ... lack of legal knowledge are not ... extraordinary circumstances. *See, e.g., Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir.2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley*

> *v. United States*, 266 F.3d 671 (7th Cir.2001). As the Seventh Circuit said recently in *Williams v. Sims*, 390 F.3d 958 (7th Cir.2004), even reasonable mistakes of law made by *pro se* litigants are not a basis for equitable tolling. *Id.* at 963. Otherwise, "statute of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have ... any lawyers." *Id.*

*Granberry v. Frank,* unpublished, 2005 WL 2465911 (E.D. Wisconsin, October 6, 2005).

Additionally,

> [t]he Sixth Circuit has clearly held that reliance on the incorrect advice of counsel is not grounds for equitable tolling. *Jurado v. Burt,* 337 F.3d 638, 644-45 (6th Cir.2003). Thus, it is logical to conclude that erroneous advice from an inmate legal aide would likewise fail to warrant equitable relief.

*Lane v. Stumbo,* 2006 WL 314553 (W.D. Ky. February 8, 2006).

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. For all the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

  IT IS SO ORDERED.

               S/ James L. Graham
               JAMES L. GRAHAM
               United States District Judge

Date: Dec. 8, 2009